UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

FEB 2 1 2003

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

DONNA HUBBARD, TRINA
GOUDEAU, MONICA TURNER
and MISTY BOUDREAUX

VERSUS

RICHARD E. EDWARDS, JR.,
SHERIFF FOR JEFFERSON DAVIS
PARISH, DEPUTIES ERIC M. PHILLIPS,
ALLARATE JOHN FRANKS, RALPH
BROUSSARD and JACQUELYN
LENNEL VARNER

CIVIL ACTION
NO. CV-3-0333 LC

JUDGE TRIMBLE

MAGISTRATE JUDGE WILSON

## COMPLAINT

1.

Donna Hubbard, Trina Goudeau, Monica Turner and Misty Boudreaux, are citizens of the United States of America and at all times material hereto, were prisoners in the Jefferson Davis Parish Sheriff's Department at the Jefferson Davis Parish Jail in Jennings, Louisiana.

2.

Defendant, Richard E. Edwards, Jr., was at all times material hereto a resident of Jefferson Davis Parish, State of Louisiana, and the Sheriff of Jefferson Davis



Parish, State of Louisiana.

3.

This action and jurisdiction arises under the provisions for the Sixth, Eighth and Fourteenth Amendments of the United States Constitution, under the Civil Rights Act, Title 42 of the United States Code, Section 1983, and under other applicable federal law and of the laws of the State of Louisiana.

4.

Defendants, Deputies Eric M. Phillips, Allarate John Franks, Ralph Broussard and Jacquelyn Lennel Varner (hereinafter referred to as Deputy Phillips, Deputy Franks, Deputy Broussard and Deputy Varner) were at all times material hereto employees of the Jefferson Davis Sheriff's Department.

5.

At all times material hereto, plaintiffs were aware the deputy defendants were conducting an illegal contraband business in the Jefferson Davis Parish Prison and arranging sex between inmates for a fee which created an extremely hostile and difficult environment in which to exist.

6.

Guadalupe Trevilla (hereinafter to as trustee Lupe), was at all times material hereto was a trustee acting under the direction and control and as an agent of all other defendants, and was a principle go-between in the illegal operations being conducted

by deputy defendants.

7.

Each and all of the acts of defendants' alleged behavior described below were done by defendants under color and pretense of state law and/or regulations, customs and usages of the State of Louisiana and/or of the Jefferson Davis Parish Sheriff's Department and/or by the authority of Sheriff, Richard E. Edwards, Jr. Sheriff Edward's is liable under respondent superior for the delictual acts of his employees.

8.

While plaintiffs were prisoners in the Jefferson Davis Parish Jail from July 2001 - April 2002, they were exploited and victimized by defendants who forced and coerced plaintiffs into acts of unwanted sexual depredation by threatening and/or insinuating that if plaintiffs did not engage in or permit unlawful sexual activity with them, there could or would be adverse consequences.

9.

The defendants acted with malice with the purpose of depriving plaintiffs of their legal rights which subjected them to cruel and unusual punishment and deprived plaintiffs of due process of law in violation of Eighth and Fourteenth Amendment Rights and Title 42 USC Section 1983, as particularly, but not exclusively, described as follows:

9(a).

Misty Boudreaux

While incarcerated in the Jefferson Davis Parish Jail on or about January 3, 2002 Deputy Phillips removed Ms. Boudreaux from the women's cell at night for a pretexual official reason took her to a bathroom and raped her; said act was a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes and subject to a liberative prescription of two years. Deputy Phillips then permitted a trustee to try and have sexual relations with Ms. Boudreaux in the same room.

9(b).

Trina Goudeau

In March 2002 - exact date unknown, plaintiff Goudeau was raped by defendant trustee Lupe who enjoyed a position of power and authority in the jail by virtue of his relationship with the defendant jailers who were operating the contraband business. This crime of violence occurred with the cooperation and consent of all defendant deputies including Deputy Varner who ordered Ms. Goudeau to help defendant Lupe in the laundry room at night when she knew Ms. Goudeau would be alone with Lupe. Upon information and belief this heinous act was defendant deputies use of Ms. Goudeau to reward trustee Lupe for his services in the illegal operations being conducted by the defendant deputies.

9(c).

Donna Hubbard

After Deputy Phillips began working as a jailer in the Jefferson Davis Parish jail in September or October 2001, he engaged in a pattern of illegal tortious conduct designed to inflict extreme emotional distress on Ms. Hubbard and pressure her into a sexual relationship with him. This conduct continued unabated until she was transferred from the Jefferson Davis Parish jail on March 12, 2002 and is particularly but not exclusively described as: unwelcome sexual comments, unwelcome sexual advances, commission of sexual batteries by touching and rubbing plaintiff's buttocks, breasts and other parts of her body, oral and written requests for sexual favors, including use of trustee Lupe to coerce Ms. Hubbard into a sexual relationship; said acts were facilitated by other deputies who openly called Ms. Hubbard Deputy Phillips' girlfriend; other deputies would refer Ms. Hubbard's request to utilize services provided to inmates to Deputy Phillips for his personal approval. At all times material hereto, Deputy Phillips informed Ms. Hubbard that her life in jail could be easy or it could hard depending on what she would do for him. She was taken into the control room where entries charging her with fictitious violations were made in a computer while she was being told how easy it would be to make her jail life hard. In early January 2002, Ms. Hubbard learned Deputy Phillips had taken a female inmate from the women's cell and raped her. This terrified her because he had told her he was

going to get her and she feared that he would take her from the cell and rape her. Plaintiff also lived in constant fear of other deputies until she was transferred because she had been placed in a room with a trustee involved with deputies conducting illegal operations in the jail. Ms. Hubbard firmly believed she was being used by the defendant deputies to compensate the trustee. Because she would not concede to Deputy Phillips illicit sexual demands, she feared he would make fictitious charges of misconduct to prolong her incarceration. As a direct result of Deputy Phillip's pattern of illicit conduct and the pattern of illegal conduct of other deputies, Ms. Hubbard was unable to sleep, she became severally depressed and developed severe emotional problems for which she has sought professional treatment.

9(d).

Monica Turner

In March 2002 Deputy Broussard came into the women's cell without any warning while Ms. Turner was in bed, got on top of her and simulated sex which caused her to feel humiliated and embarrassed. A female deputy, observing what Deputy Broussard was doing, laughed and left the cell. These acts increased her concern for her well being in a jail where female inmates were being used as sex pawns.

10.

The acts, conduct and behavior of the defendants and each of them were performed knowingly, intentionally and maliciously by reason of which each plaintiff is entitled to an award of punitive damages in the sum of $250,000.00.

11.

Defendants' use of unlawful coercion caused and continues to cause plaintiffs to feel humiliated, shamed, scarred, embarrassed, nervous, distraught and depressed for which each plaintiff desires and are entitled to $250,000.00.

12.

Defendant, Richard E. Edwards, Jr., individually and in his official capacity as Sheriff of Jefferson Davis Parish, breached his duty to exercise reasonable care to supervise and train his employees which was the proximate cause of a breach of his duty to protect and safeguard plaintiffs' constitutional and other legal rights provided by law Sheriff Edwards knew or should have known of a pattern of ongoing exploitation and victimization of females in his custody by his employees and is therefore liable under federal and state law for plaintiffs' damages.

WHEREFORE, plaintiffs Donna Hubbard, Trina Goudeau, Monica Turner and Misty Boudreaux pray for judgment in solidio against defendants, Sheriff Richard E. Edwards, Jr., Deputy Eric M. Phillips, Deputy Allarate John Franks, Deputy Ralph Broussard and Deputy Jacquelyn Varner, awarding each plaintiff $250,000.00 as

general damages, $250,000.00 for punitive damages, reasonable attorneys fees and all penalties and cost allowed by law and for trial by jury.

By Attorneys,

Maughan, Maughan & Lormand, L.L.C.

Roy Maughan (# 9059)
634 Connell's Park Lane
Baton Rouge, Louisiana 70806
Telephone: (225) 926-8533
Facsimile: (225) 926-8556

Of Counsel:

Charles A. "Sam" Jones, III. (#14404)
105 North Stewart Street
P.O. Box 995
DeRidder, Louisiana 70634
Telephone: (337) 463-5532
Facsimile: (337) 462-6356