UNITED STATE DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DONNA HUBBARD, TRINA GOUDEAU, MONICA TURNER and MISTY BOUDREAUX | CIVIL ACTION NO.: 2:03 CV 0333 |
| VERSUS | JUDGE MINALDI |
| RICHARD E. EDWARDS, JR., SHERIFF FOR JEFFERSON DAVIS PARISH, DEPUTIES ERIC M. PHILLIPS, ALLARATE JOHN FRANKS, RALPH BROUSSARD and JACQUELYN LENNEL VARNER | MAGISTRATE JUDGE WILSON |

## COMPLAINT OF INTERVENTION

1.

Melissa Perez is a citizen of the United States of America and at all times material hereto, was a prisoner in the Jefferson Davis Parish Sheriff's Department at the Jefferson Davis Parish Jail in Jennings, Louisiana.

2.

Defendant, Richard E. Edwards, Jr., was at all times material hereto a resident of Jefferson Davis Parish, State of Louisiana, and the Sheriff of Jefferson Davis Parish, State of Louisiana.

3.

This action and jurisdiction arises under the provisions for the Sixth, Eighth and Fourteenth Amendments of the United States Constitution, under the Civil Rights Act, Title 42 of the United States Code, Section 1983, and under other applicable federal law and of the laws of the State of Louisiana.

4.

Defendants, Deputies Eric M. Phillips, Allarate John Franks, Ralph Broussard and Jacquelyn Lennel Varner (hereinafter referred to as Deputy Phillips, Deputy Franks, Deputy Broussard and Deputy Varner) were at all times material hereto employees of the Jefferson Davis Sheriff's Department.

5.

At all times material hereto, plaintiff was aware the deputy defendants were conducting an illegal contraband business in the Jefferson Davis Parish Prison and arranging sex between inmates for a fee which created an extremely hostile and difficult environment in which to exist.

6.

Guadalupe Trevilla (hereinafter to as trustee Lupe), was at all times material hereto was a trustee acting under the direction and control and as an agent of all other defendants, and was a principle go-between in the illegal operations being conducted by deputy defendants.

7.

Each and all of the acts of defendants' alleged behavior described below were done by defendants under color and pretense of state law and/or regulations, customs and usages of the State of Louisiana and/or of the Jefferson Davis Parish Sheriff's Department and/or by the authority of Sheriff, Richard E. Edwards, Jr. Sheriff Edward's is liable under respondent superior for the delictual acts of his employees.

8.

While plaintiff was a prisoner in the Jefferson Davis Parish Jail from March 2002 - July 2002, she was exploited and victimized by defendants who forced and coerced her into acts of unwanted sexual depredation by threatening and/or insinuating that if plaintiff did not engage in or permit unlawful sexual activity with them or their designee, there could or would be adverse consequences.

9.

The defendants acted with malice with the purpose of depriving plaintiff of her legal rights which subjected her to cruel and unusual punishment and deprived plaintiff of due process of law in violation of Eighth and Fourteenth Amendment Rights and Title 42 USC Section 1983, as particularly, but not exclusively, described as follows:

9(a).

While incarcerated in the Jefferson Davis Parish Jail in April or May, 2002, Deputy Phillips removed Ms. Perez from the women's cell at night for a pretexual official reason took her to a room where he raped her; said act was a crime of violence under Chapter 1 of Title 14 of the Louisiana Revised Statutes and subject to a liberative prescription of two years.

9(b).

In March or April, 2002 - exact date unknown, plaintiff Perez was raped by defendant trustee Lupe who enjoyed a position of power and authority in the jail by virtue of his relationship with the defendant jailers who were operating the contraband business. This crime of violence occurred with the cooperation and consent of all defendant deputies including Deputy Varner who let plaintiff out of her cell and told her she had a phone call. Knowing she would have to go by a bathroom where Lupe was waiting. Upon information and belief this heinous act was use of Ms. Perez to reward trustee Lupe for his services in the illegal operations being conducted by the defendant deputies and was a crime of violence and subject to a liberative prescription of two years.

10.

The acts, conduct and behavior of the defendants and each of them were performed knowingly, intentionally and maliciously by reason of which plaintiff is entitled to an award of punitive damages in the sum of $250,000.00.

11.

Defendants' use of unlawful coercion caused and continues to cause plaintiff to feel humiliated, shamed, scarred, embarrassed, nervous, distraught and depressed for which each plaintiff desires and are entitled to $250,000.00.

12.

Defendant, Richard E. Edwards, Jr., individually and in his official capacity as Sheriff of Jefferson Davis Parish, breached his duty to exercise reasonable care to supervise and train his employees which was the proximate cause of a breach of his duty to protect and safeguard plaintiffs' constitutional and other legal rights provided by law. Sheriff Edwards knew or should have known of a pattern of ongoing exploitation and victimization of females in his custody by his employees and is therefore liable under federal and state law for plaintiffs' damages.

WHEREFORE, plaintiff Melissa Perez prays for judgment in solidio against defendants, Sheriff Richard E. Edwards, Jr., Deputy Eric M. Phillips, Deputy Allarate John Franks, Deputy Ralph Broussard and Deputy Jacquelyn Varner, awarding plaintiff $250,000.00 as general damages, $250,000.00 for punitive damages,

reasonable attorneys fees and all penalties and cost allowed by law and for trial by jury.

By Attorneys,

Maughan, Maughan & Lormand, L.L.C.

_____
Roy Maughan (# 9059)
634 Connell's Park Lane
Baton Rouge, Louisiana 70806
Telephone: (225) 926-8533
Facsimile: (225) 926-8556

Of Counsel:

Charles A. "Sam" Jones, III. (#14404)
105 North Stewart Street
P.O. Box 995
DeRidder, Louisiana 70634
Telephone: (337) 463-5532
Facsimile: (337) 462-6356

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Leave to File Intervention has this date been forwarded to all counsel of record to this action by depositing same in the U. S. Mail, postage prepaid and properly addressed this ____ day of _____. 2003.

_____
/ROY MAUGHAN